SUCCESSORS TO ROSES & CO. *v.* ORONA ET AL.

APPEAL from the District Court of Arecibo.

No. 146.—Decided November 23, 1904.

UNLAWFUL DETAINER—PLAINTIFFS' TITLE.—In an action of unlawful detainer the right of the defendant to continue to occupy the property which is the object of the same is the only question to be considered, and no decision can be had upon any question tending to destroy the title which, for the time being the plaintiff may appear to show, and which is proved by the evidence introduced on the trial.

The facts are stated in the opinion.
*Mr. José E. Benedicto,* for appellant.
The respondent did not appear.
MR. JUSTICE WOLF delivered the opinion of the court.

This is an action of unlawful detainer prosecuted by Successors to Roses & Co., of Arecibo, against Juan Felipe Orona y Pérez de la Cruz, who is adjudged to vacate within the term of twenty days the two rural estates occupied by him in *barriq.* Arenas of Utuado, he being warned that if he should not so vacate said properties within the term fixed he would be forcibly ejected therefrom, with costs.

The title of the two rural estates involved in this action were acquired by the plaintiffs by an adjudication made thereof by the Municipal Court of Utuado, by virtue of the civil verbal suit prosecuted in the said court against the defendant for the recovery of a debt.

In his answer to the said complaint, counsel for the defendant alleges that his client, Juan Felipe Orona y Pérez de la Cruz, filed a complaint in the District Court of Arecibo against the firm of Successors to Roses & Co., maintaining an action for annulment and for the recovery of two rural estates, which are the properties involved in this action of unlawful detainer, the said two estates having been adjudged to Successors to Roses & Co. by virtue of a civil verbal suit which the said firm of Successors to Roses & Co. brought against the said Orona to recover the final balance which Orona appeared to owe to the original house of Roses & Co., of Arecibo; and that by reason of the said civil verbal suit there have been included in the adjudication and liquidation of costs of the same, amounts which, like the amount of the mortgage credit for 1,000 *pesos,* provincial money, was paid on February 18, 1898, and the mortgage not cancelled. The said attorney adds that the balance referred to, together with interest due, amounts to only 80 odd *pesos.*

The hearing in this suit was had before this court without the attendance of the parties.

This Supreme Court, after a careful consideration of the judgment rendered by the District Court of Arecibo, is in all things in accord with the allegations of fact and of law set forth in the findings and conclusions contained in the said judgment, and especially with those contained in the sixth conclusion of law, in which the court uses the following language:

"The allegations made by the defendant, to the effect that he has brought a suit in this court seeking the annulment of the proceedings had in the civil verbal suit before the municipal court of Utuado, wherein the Successors to Roses & Co. were awarded the two estates which are the object of this action of unlawful detainer, in which the only question at issue is the right of a person occupying a thing that does not belong to him to continue so to occupy the same, since he took no appeal whatever from the decree of adjudication issued March 6, 1902, nor will he now be permitted to contest the action prosecuted

by attacking the validity of the said decree, as is well settled by the Supreme Court of this Island, following the jurisprudence of the Supreme Court of Spain, which has announced this principle, among others, in its judgment of April 21, 1884.''

'No reason whatever existing, therefore, for the annulment of the judgment rendered by the court below, the judgment should be affirmed, with costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras, and MacLeary concurred.